Richmond, P. J.,
delivered the opinion of the court.
In March, 1886, Nathaniel T. Dodge and one C. P. Holt entered into a contract with Georgie C. Lewis for the purchase of a ranch and shares of stock in an irrigating ditch. At the time of entering into the contract J. H. Lewis, husband of Georgie C. Lewis, represented to Dodge and Holt that the ditch company in which they were buying stock was free from debt and without incumbrance, save and except in the sum of $75.00 or $80-00. Relying upon these representations Dodge and Holt executed with Georgie C. Lewis an escrow agreement, wherein it is recited that “ the deed to the premises is to remain with one V. C. Gunnell, and to be delivered on or before the 1st day of December, 1886, conditioned that Dodge and Holt shall pay to Mrs. Lewis $1,500 with interest at 10 per cent, or pay on or before December 1st, $500 and execute notes with a deed of trust upon premises to secure payment of balance.” It is also provided in the agreement that ten shares of the Harmony Ditch Company’s stock shall be delivered to Dodge and Holt, together with the deed of conveyance.
The provisions of this contract were not fulfilled, but in July another escrow agreement was entered into wherein it was provided that if Dodge and Holt, or anyone for them, or their assigns, should on or before the 1st day of December, 1887, pay to Mrs. Lewis $1,740.70, then the deed and shares of stock should be surrendered. The conditions of this agreement were not fulfilled and a subsequent writing was made by Georgie C. Lewis in which the time for payment was ex *61 tended, and wherein it was agreed that if they should pay the sum last mentioned on or before December 1st, and the further sum of §500, then the deed to the land together with ten shares of the Harmony ditch stock should be delivered.
In this last contract it is recited that if the shares of stock shall be in any wise incumbered or liens put thereon on account of Georgie C. Lewis, then said parties may pay off the indebtedness and the amount so paid be deducted from the amount to be paid by them for the stock.
Under the agreement Holt and Dodge were let into possession of the premises and farmed them for some period of time. They afterwards assigned their right to purchase to one Charles Day. About this time they discovered that the ditch company was indebted in the sum of §700 or more, and in order to make their contract good to Day, they paid him the sum of §244.88.
The record discloses the fact to be that J. H. Lewis, acting for his wife in the negotiations between the parties, represented the ditch free from incumbrance or debt with the exception of this §75.00 or §80.00. And that Dodge and Holt relied upon these representations. Notwithstanding the representations the truth was that there was an indebtedness of over §700, evidenced by note and secured by a deed of trust, which was not placed of record until after the assignment by Dodge and Holt to Day, and that it sufficiently appears that this sum of money was due to G.eorgie C. Lewis, and that both J. H. Lewis and Georgie C. Lewis knew at the time of the existence of the indebtedness and the deed of trust.
This action was brought by Dodge to whom Holt had assigned his interest to recover this sum. The cause was tried to a jury and verdict rendered for the plaintiff in the sum claimed with interest. Appellant insists.that the judgment should be reversed because of errors of the court in admitting testimony over their objection, in refusing testimony offered, and in the instructions to the jury.
No exceptions were taken to the instructions to the jury, nor are the instructions embraced in the record. This of *62 course eliminates from our consideration any question relative to them.
The further contention of appellant is that the court erred in admitting in evidence the various agreements made between the parties. We cannot agree with this contention. The agreements were a part of the transaction. They were the result of the conversations between Dodge and Holt and J. H. Lewis, wherein the alleged misrepresentations were made. They showed the contract as originally entered into, and as extended in its operation and conditions. This of itself rendered them admissible and we think absolutely essential to entitle plaintiff to recover.
The further contention of appellant is that the representations made by J. H. Lewis did not bind his wife, because it does not appear from the testimony that Lewis was acting as his wife’s agent. The record does not support appellant’s contention. Lewis himself testifies that he did act as the agent of his wife in the transaction. It is true that this is not directly shown by plaintiff’s testimony, and if the defendant had not cured the omission by his own testimony the probable result would have been that the judgment would have to be reversed, although we are inclined to the opinion that the circumstances as detailed by the witnesses on behalf of the plaintiff would warrant the conclusion, without direct proof that the relation of principal and agent existed between the wife and husband.
It is further insisted that the court erred in rejecting testimony offered on the part of the defendant to prove certain facts growing out of subsequent dealings between Day and Mrs. Lewis. The testimony offered had no relation to the transaction upon which the suit was based. It did not tend to establish the defense set up and consequently was inadmissible. So far as we can gather from the record the cause appears to have been fairly tried, and the jury having reached the conclusion that the misrepresentations were made by J. H. Lewis while acting as the agent of his wife, and that the representations were relied upon by Dodge and Holt and *63 that they were entitled to their damages, and this conclusion being supported by ample proof, we would not be warranted in disturbing the judgment.
The judgment must be- affirmed.

Affirmed.